W. GORDON KAUPP, SBN 226141
KAUPP & FEINBERG, LLP
870 Market Street, Suite 646
San Francisco, California 94102
Telephone:     (415) 896-4588
Facsimile:      (415) 294-9127
E-Mail:          gordon@kauppfeinberg.com

COLLEEN FLYNN, SBN 234281
LAW OFFICE OF COLLEEN FLYNN
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
Telephone:     (213) 252-9444
Facsimile:      (213) 252-0091
E-Mail:          cflynnlaw@yahoo.com

Attorneys for Plaintiff
KEVIN POULSEN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN POULSEN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DEPARTMENT OF DEFENSE; OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE; and DEPARTMENT OF JUSTICE;<br><br>　　　　Defendants. | CASE NO. 17-cv-3531<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

　　　　Plaintiff KEVIN POULSEN, by and through his attorneys, brings this action under the Freedom of Information Act ("FOIA"), 5 § U.S.C. 552, for injunctive and other appropriate relief, seeking the immediate processing and release of agency records that he requested from Defendants DEPARTMENT OF DEFENSE ("DOD"), OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE ("ODNI"), and DEPARTMENT OF JUSTICE ("DOJ").

//

//

# INTRODUCTION

1. Plaintiff submitted a FOIA request ("the Request") to the DOD (via a request to the National Security Administration), the ODNI and to the DOJ (via requests to the Federal Bureau of Investigation ("FBI"), the Office of Legal Counsel ("OLC"), and to the National Security Division ("NSD")) – requesting the release of records concerning the United States' electronic surveillance of President Donald J. Trump and his advisors during the 2016 election campaign. The Request was submitted to these agencies on March 4, 2017.

2. Although more than three months have elapsed since the Request was filed, none of the defendant agencies have released a single record in response. The Defendants have provided inconsistent responses to the Request including the bases for their refusal to disclose the records sought, expedited processing, fee limitation on the basis of Plaintiff's status as a representative of the news media, and fee waiver.

3. Plaintiff now respectfully requests this Court order Defendants to immediately process and release all records responsive to the Request and to enjoin the Defendants from charging Plaintiff fees for processing the Request.

# JURISDICTION AND VENUE

4. This Court has both subject matter jurisdiction of the FOIA claim and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B), (a)(6)(E)(iii). This Court also has jurisdiction over this action under 28 U.S.C. § 1331 and 5 U.S.C. §§ 701 – 706.

5. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in this district.

# INTRADISTRICT ASSIGNMENT

6. This action shall be assigned to the United States District Court sitting in San Francisco or Oakland, California. See, Civil L.R. 3-2(d).

# PARTIES

7. Plaintiff KEVIN POULSEN is a journalist and contributing editor at the Daily Beast. The Daily Beast, a news media organization, publishes articles online. Plaintiff works and resides in San Francisco, California.

2

**COMPLAINT FOR INJUNCTIVE RELIEF**
*POULSEN v. DOD et al.*

8. Defendant DOD is a Department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). The NSA is a component of the DOD.

9. Defendant ODNI is an agency of the United States government within the meaning of 5 U.S.C. § 552(f)(1).

10. Defendant DOJ is a Department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). The FBI, OLC and NSD are components of the DOJ.

## FACTUAL ALLEGATIONS

11. In the early morning hours of March 4, 2017, President Donald J. Trump broadcasted a message via the social media platform Twitter that stated: "Terrible! Just found out that Obama had my 'wires tapped' in Trump Tower just before the victory. Nothing found. This is McCarthyism!"[1]

12. Shortly thereafter, President Trump broadcasted a second message via Twitter: "Is it legal for a sitting President to be 'wire tapping' [sic] a race for president prior to an election? Turned down by court earlier. A NEW LOW!"[2]

13. In the final tweet of that early morning, President Trump wrote: "How low has President Obama gone to tapp [sic] my phones during the very sacred election process. [Sic] This is Nixon/Watergate. Bad (or sick) guy!"[3]

14. On March 20, 2017, the House Intelligence Committee held a public hearing, in part, to investigate President Trump's claims about being wiretapped by President Obama.

15. On March 20, 2017, then-FBI Director James Comey testified before the House Intelligence Committee and stated, "With respect to the president's tweets about alleged wiretapping directed at him by the prior administration, I have no information that supports those tweets and we have looked carefully inside the FBI."[4]

---

[1] https://twitter.com/realDonaldTrump/status/837989835818287106
[2] https://twitter.com/realDonaldTrump/status/837993273679560704
[3] https://twitter.com/realDonaldTrump/status/837996746236182529
[4] Transcript of Director Comey's remarks are available at: https://www.washingtonpost.com/news/post-politics/wp/2017/03/20/full-transcript-fbi-director-james-comey-testifies-on-russian-interference-in-

(continued . . .)

16. However, on or about March 22, 2017, House Intelligence Chair, Representative Devin Nunes stated: "I have seen intelligence reports that clearly show that the president-elect and his team were, I guess, at least monitored."

## FOIA Request

17. On March 4, 2017, Plaintiff submitted a FOIA Request requesting the release of records concerning the United States' electronic surveillance of President Donald J. Trump or any of his advisors during the 2016 election campaign. The Request[5] was submitted to the designated FOIA offices of the NSA, ODNI, FBI, OLC, and NSD.

18. The Request seeks the following records:

1. Legal analyses, memorandum, e-mails, database entries, affidavits, documents, meeting notes, calendar entries, presentation slides and briefs held by [the agency] concerning, planning, anticipating or seeking authorization for such Surveillance;
2. Recordings produced from such Surveillance, including audio or video recordings and data files;
3. Metadata captures from such Surveillance, including but not limited to email headers and time stamps;
4. Reports, memorandum, summaries, e-mails, affidavits, documents, presentation slides, and transcripts derived in whole or in part from such Surveillance;
5. Transcripts of such intercepted communications; and
6. Entries pertaining to such surveillance found in FBI databases, including but not limited to the FBI's ELSUR Data Management System and the FBI's Case Management System.

19. Plaintiff sought expedited processing of the Request on the grounds that there is a compelling need because it involves "an urgency to inform the public concerning an actual or alleged Federal Government activity…made by a person primarily engaged in disseminating information." See, 5 U.S.C. § 552(a)(6)(E)(v)(II); see also, 28 C.F.R. § 16.5(d)(1)(ii); 32 C.F.R. § 1900.34(c)(2). The Request also sought information in relation to a "matter of widespread and exceptional media interest in which there

---

(continued …)
2016-election/?utm_term=.e02ecd107eea

[5] There is some variation among the requests submitted. Plaintiff requested items 1 – 4 above from all agencies NSA, ODNI, DOJ (FBI, NSD, and OLC). In addition, Plaintiff requested item 5 from the ODNI and items 5 and 6 from the FBI.

4

**COMPLAINT FOR INJUNCTIVE RELIEF**
*POULSEN v. DOD et al.*

exist possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5(e)(iv).

20. Plaintiff sought a waiver of search and review fees on the ground that he qualifies as a "representative of the news media" and because the records are not sought for commercial use. See, 5 U.S.C. § 552(a)(4)(A)(ii)(II). Plaintiff also sought a fee waiver including waiver of duplication fees under 28 C.F.R. § 16.10(k)(1) where it is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requestor."

21. Plaintiff's Request has been pending for more than three months and no records have been produced.

## The Government's Responses

### Department of Defense

22. On March 24, 2017, the NSA (a component of the DOD) invoked the first exemption and presented a *Glomar* response, it would neither confirm nor deny the existence of the records sought. The NSA further invoked the third FOIA exemption and stated that it is withholding information that is specifically protected from disclosure by statute citing 18 U.S.C. § 798; 50 U.S.C. § 3024; 50 U.S.C. § 3605. The NSA also responded that it had not conducted any search and had not made a determination concerning Plaintiff's request for fee waiver as a representative of the news media.

### The Office of the Director of National Intelligence

23. On March 15, 2017, the ODNI granted Plaintiff's request for a fee waiver and denied his request for expedited processing. The ODNI further responded that it had not processed Plaintiff's request. To date, the ODNI has not processed the Request or made a determination whether it would disclose the records sought.

### The Department of Justice

24. On March 15, 2017, the NSD (a component of the DOJ), granted Plaintiff's request for a fee waiver and for expedited processing because he demonstrated a "compelling need."

25. On March 17, 2017, the NSD asserted a *Glomar* response invoking the first FOIA exemption and would neither confirm nor deny the existence of the records sought.

5

26. On March 8, 2017, in response to the Request, the OLC (a component of the DOJ) granted Plaintiff's request for expedited processing but did not make a determination concerning the fee waiver. To date, the OLC has not made any determination concerning the Request, processed Plaintiff's request or produced any records.

27. On March 13, 2017, the FBI (a component of the DOJ) informed Plaintiff that his fee waiver was being considered but that he will be charged applicable search and duplication fees under 5 U.S.C. 552(a)(4)(A)(ii)(III).

28. On April 4, 2017, the FBI asserted a *Glomar* response and stated that that it would neither confirm nor deny the existence of the records sought. To support its determination not to disclose records, the FBI cited 5 U.S.C. § 552 (b)(1), (b)(3), (b)(7)(A), and (b)(7)(E); 50 U.S.C. § 3024(i)(1).

<u>Plaintiff's Administrative Appeals and the Government's Responses</u>

<u>The Department of Defense</u>

29. On March 24, 2017 (in a letter incorrectly dated March 21, 2017), the Plaintiff appealed the NSA's denial of the Request.

30. On April 25, 2017, the NSA denied Plaintiff's appeal and refused to determine Plaintiff's request for expedited processing. The NSA has not processed the Request or produced any records.

<u>The Office of the Director of National Intelligence</u>

31. On March 27, 2017, Plaintiff appealed the ODNI's denial of expedited processing. On April 13, 2017, the ODNI reversed its decision to deny expedited processing of the Request. However, to date, the ODNI has not made any determination concerning the Request, processed the Request, or produced any records.

<u>The Department of Justice</u>

32. On March 21, 2017, Plaintiff appealed the NSD's denial of the Request to the DOJ's Office of Information Policy. To date, the DOJ's Office of Information has not made a determination concerning Plaintiff's appeal and the NSD has not processed the Request or produced any records.

33. On April 18, 2017, Plaintiff appealed the FBI's denial of the Request to the DOJ's Office of Information Policy ("OIP").

34. On April 28, 2017, the in connection with Plaintiff's Request to the FBI, the DOJ's OIP

6

denied Plaintiff's appeal and "refus[ed] to confirm or deny the existence of any records responsive to your request." The OIP further responded that the FBI did not conduct a search for the records. To date, the FBI has not processed the Request or produced any records.

## CAUSES OF ACTION

**First Cause of Action**
**Violation of the FOIA**
**Failure to Make the Records Requested Promptly Available to Plaintiff**
(Against all Defendants)

35. Plaintiff repeats and realleges each and every paragraph as if fully set forth herein.

36. Defendants' failure to make the records sought promptly available violates the FOIA, 5 U.S.C. § 552(a)(3)(A), and the corresponding agency regulations.

**Second Cause of Action**
**Violation of the FOIA**
**Failure to Timely Respond to Plaintiff's Request**
(Against all Defendants ODNI and DOJ )

37. Plaintiff repeats and realleges each and every paragraph as if fully set forth herein.

38. Defendants' failure to timely respond to the Request violates the FOIA, 5 U.S.C. § 552(a)(6)(A), and the corresponding agency regulations.

**Third Cause of Action**
**Violation of the FOIA**
**Failure to Make a Reasonable Effort to Search for Records**
(Against all Defendants)

39. Plaintiff repeats and realleges each and every paragraph as if fully set forth herein.

40. Defendants' failure to make a reasonable effort to search for records responsive to the Request violates the FOIA, 5 U.S.C. § 552(a)(3)(C), and the corresponding agency regulations.

**Fourth Cause of Action**
**Violation of the FOIA**
**Failure to Grant Expedited Processing**
(Against Defendant DOD and DOJ)

41. Plaintiff repeats and realleges each and every paragraph as if fully set forth herein.

42. Defendants' failure to grant Plaintiff's request for expedited processing violates the FOIA, 5 U.S.C. § 552(a)(6)(E), and the corresponding regulations.

<u>Fifth Cause of Action</u>
<u>Violation of the FOIA</u>
<u>Failure to Limit Processing Fees</u>
<u>(Against Defendant DOD and DOJ)</u>

43. Plaintiff repeats and realleges each and every paragraph as if fully set forth herein.

44. Defendants failed to grant Plaintiff's request for limitation of processing fees in violation of the FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), and the corresponding regulations.

<u>Sixth Cause of Action</u>
<u>Violation of the FOIA</u>
<u>Failure to Waive Processing Fees</u>
<u>(Against Defendants DOD and DOJ)</u>

45. Plaintiff repeats and realleges each and every paragraph as if fully set forth herein.

46. Defendants failed to grant Plaintiff's request for a waiver of processing fees in violation of the FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and the corresponding agency regulations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1. Order Defendants ODNI and DOJ to respond to Plaintiff's Request and make a determination concerning the Request;

2. Order Defendants to immediately conduct a thorough search for the requested documents;

3. Order Defendants to make the records requested promptly available to Plaintiff;

4. Order expedited proceedings in this matter and/or Order Defendants DOD and DOJ to grant Plaintiff's request for expedited processing;

5. Enjoin Defendants from charging Plaintiff fees for processing the Request and/or Order Defendants DOD and DOJ to limit processing fees;

6. Order Defendants NSA and DOJ to waive processing fees;

7. Award Plaintiff costs and reasonable attorney fees incurred in this action; and

8. Grant such other relief as the Court may deem just and proper.

Dated:  June 19, 2017                               *Gordon Kaupp*
                                                    By: W. Gordon Kaupp, Esq.
                                                    Attorney for Plaintiff
                                                    KEVIN POULSEN