AMY POWELL
Trial Attorney (NY Bar)
Department of Justice, Civil Division
310 New Bern Avenue, Suite 800
Federal Building
Raleigh, NC 27601-1461
Email: amy.powell@usdoj.gov
*Attorney for Defendants*

W. GORDON KAUPP, State Bar No. 226141
Kaupp & Feinberg, LLP
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone:   (415) 896-4588
Facsimile:   (415) 294-9127
Email:       gordon@kauppfeinberg.com
*Attorney for Plaintiff Kevin Poulsen*

COLLEEN FLYNN, State Bar No. 226141
Law Office of Colleen Flynn
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
Telephone:   (213) 252-9444
Facsimile:   (213) 252-0091
Email:       cflynnlaw@yahoo.com
*Attorney for Plaintiff Kevin Poulsen*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN POULSEN,<br><br>   Plaintiff,<br><br> vs.<br><br>United States Department of Defense, Office of the Director of National Intelligence, Department of Justice,<br><br>   Defendants. | Case Number: 17-cv-3531<br><br>JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER |

**JOINT CASE MANAGEMENT STATEMENT**

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9. Counsel for the parties to the above-entitled action, having met and conferred telephonically on August 28, 2017 and by email thereafter, jointly submit this Case Management Statement and Proposed Order and request the court to adopt it as its Case Management Order in this case.

1. Jurisdiction & Service

Plaintiffs assert that this Court has subject matter jurisdiction under 5 U.S.C. § 552. Presently, there are no outstanding issues regarding jurisdiction and venue, and no parties remain to be served.

2. Facts

In March 2017, Plaintiff submitted a Freedom of Information Act request to the National Security Agency ("NSA") of the United States Department of Defense ("DOD"), the Office of the Director of National Intelligence ("ODNI"), and three components of the Department of Justice ("DOJ"), including the Office of Legal Counsel, the National Security Division and the Federal Bureau of Investigation. The FOIA requests sought categories of records related to alleged electronic surveillance of Donald Trump or any of his advisors during the 2016 election campaign. The parties disagree about searches, and none of the Defendants have produced responsive records. Plaintiffs seek an Order for the Defendants to immediately search for and process responsive records subject to FOIA.

3. Legal Issues

The legal issue is whether the Government has properly withheld information under FOIA, 5 U.S.C. § 552. The parties anticipate that this includes whether information has been

properly withheld, whether information has been "officially acknowledged", and what, if any, additional information the Defendant is required to disclose.

4. Motions

**Defendants' Position.** Defendants believe that this matter can be fully resolved on motions for summary judgment, and propose a schedule for such motions below.

**Plaintiff's Position.** Plaintiff agrees that all issues can be fully resolved by motions for summary judgment filed separately by Plaintiff and Defendants. However, depending on the information provided by the Government in its motion for summary judgment, discovery may be necessary prior to Plaintiff filing his motion for summary judgment. In addition, law and motion practice may be necessary concerning discovery sought by Plaintiff.

5. Amendment of Pleadings

No amendments to the pleadings are anticipated at this time.

6. Evidence Preservation

Defendants acknowledge their obligation to preserve relevant records, if any, in accordance with applicable rules and case law. Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. Plaintiff has preserved all potentially discoverable information – his FOIA requests, his administrative appeals and the Defendants' responses.

The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f).

7. Disclosures and Other Discovery

**Defendants' Position.** Procedurally, district courts typically decide FOIA cases on summary judgment before a plaintiff can conduct discovery. *Lawyers' Comm. for Civil Rights of San Francisco Bay Area v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1131–32 (N.D. Cal. 2008); *see also Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) ("Courts

routinely delay discovery until after summary judgment in such cases."). Even then, "discovery is limited because the underlying case revolves around the propriety of revealing certain documents," *id.*, and "is usually not permitted if the government's affidavits were made in good faith and provide specific detail about the methods used to produce the information." *Lawyers' Comm. for Civil Rights of San Francisco Bay Area*, 534 F. Supp. 2d at 1131–32; *see also Jordan v. U.S. Dep't of Labor*, No. CV 16-1868 (RC), 2017 WL 3382057, at *7 (D.D.C. Aug. 4, 2017) ("The Court reiterates that FOIA actions are typically resolved without discovery" and "Discovery in FOIA is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains."); *Hall v. Cent. Intelligence Agency*, No. CV 04-814 (RCL), 2017 WL 3328149, at *12 (D.D.C. Aug. 3, 2017) ("Courts may permit discovery in FOIA cases where a plaintiff has made a sufficient showing that the agency acted in bad faith."). Generally, even if the court determines that the government's declarations are insufficient, a court can order the government to submit additional declarations as an alternative to permitting discovery. *See Pollard v. F.B.I.*, 705 F.2d 1151, 1154 (9th Cir. 1983). Defendants do not believe that this matter will be appropriate for discovery under these standards.

**Plaintiff's position.** Plaintiff agrees that if discovery occurs in a FOIA matter, it ordinarily occurs after the filing of a defendant's motion for summary judgment. However, discovery is not always conducted after a motion for summary judgment. In *Nat'l Com'n on Law Enforcement and Social Justice v. C.I.A.,* 576 F.2d 1373, 1375 (9th Cir. 1978), although the issue of discovery was not before the court, discovery was conducted prior to the motion for summary judgment - "following limited discovery, the CIA filed affidavits and a motion for summary judgment." Plaintiff agrees to conduct discovery *after* Defendants' motion for summary judgment has been resolved.

Although discovery in FOIA cases can be more limited than in general civil litigation, discovery is permitted. Notably, the case that first sanctioned the *Glomar* response, *Phillippi v. CIA,* 546 F.2d 1009, (D.C. Cir. 1976), explicitly anticipates the taking of discovery to test the agency's justification for refusing to confirm or deny the existence of the requested records. *Id.* at 1014-15 "As we have indicated, on remand [the agency] will be asked to submit a public justification, which is as detailed as is possible, for refusing to confirm or deny the existence of the requested records. [Requestor] will then have the opportunity to test that justification through appropriate discovery." *Id.* at 1015, fn. 12. See also, *Raher v. BOP*, No. 09-526, 2012 WL 2721613 (D. Or. July 6, 2012) (granting plaintiff limited discovery regarding BOP's record retention/destruction policies after summary judgment); *Families for Freedom v. U.S. Customs & Border Protect.*, No. 10-2705, 2011 WL 6780905 (S.D.N.Y. Dec. 27, 2011) (granting plaintiffs' motion for summary judgment as to the adequacy of defendants' search and for relief through limited discovery); *Citizens for Resp. & Ethics in Wash. v. VA*, No. 08-1481, 2011 WL 6257201 (D.D.C. Dec.15, 2011) (granting, in part, plaintiff's request for additional discovery after a first round of summary judgment as it pertains to explanations provided by the VA regarding the retrievability of certain email backup tapes). No determination concerning discovery should be made at this time. After the Court rules on Defendants' motion for summary judgment, the Plaintiff may propound discovery, at which point Defendants can object, the parties can meet and confer, and, if necessary, engage in law and motion practice.

10. Related Cases

The parties are not aware of any related cases within the meaning of the rules, but note that the following cases involve similar FOIA requests:

*James Madison Project v. DOJ*, No. 17-597 (DDC)

*American Oversight v. DOJ*, No 17-718 (DDC)(closed)

*Poulsen v. DOD,* No 17-3531
Joint Case Management Statement

*Gizmodo v. DOJ*, No. 17-3566 (SDNY)

11. Relief

Plaintiff seeks the following relief: First, Plaintiff seeks an Order directing Defendants to process his FOIA request by conducting an immediate and thorough search for the requested documents. The Department of Defense's National Security Agency ("NSA"), the Office of the Director of National Intelligence ("ODNI"), the Department of Justice's Office of Legal Counsel ("OLC"), and the Department of Justice's National Security Division ("NSD") have not processed Plaintiff's request. Plaintiff also seeks an order making the records obtained through such a search available to him.

Plaintiff seeks an order granting him expedited processing concerning his requests for those defendant agencies who have not yet made that determination or who have denied it - Defendants Department of Defense (the National Security Agency ("NSA")) and the Department of Justice's Federal Bureau of Investigation ("FBI").

Plaintiff seeks an order granting his request for a fee waiver (based on his status as a member of the media) for those defendant agencies who have not waived fees or made a determination concerning Plaintiff's request for a fee waiver – Department of Defense's NSA, the DOJ's FBI, and the DOJ's OLC.

Plaintiff will also seek costs and reasonable attorney fees.

12. Settlement and ADR

The parties do not currently anticipate that settlement is likely and have stipulated to relief from ADR assignment.

13. Consent to Magistrate Judge For All Purposes

Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.    ____ YES    __x__ NO

The Plaintiff consented to Magistrate Judge Kandis Westmore.

14. Scheduling

The parties agree that Defendants should file a motion for summary judgment. After that motion is determined, the parties may differ as to a proposed schedule. Plaintiff may seek discovery depending on what Defendants file in conjunction with their motion for summary judgment. Scheduling thereafter will be effected by whether Plaintiff seeks discovery.

The parties believe that this matter can be fully resolved on motions for summary judgment. Plaintiffs have indicated a possible need to seek discovery in this matter. Defendants will oppose discovery for the reasons explained above. The parties propose the following briefing schedule:

- Defendants' motion for summary judgment on or before November 17, 2017
- Plaintiffs' opposition on or before December 15, 2017.
- Defendants' Reply on or before January 12, 2018.
- If necessary, hearing thereafter at the Court's convenience.
- If necessary, Plaintiffs propose a status conference thereafter at the Court's convenience.

(At the Status Conference, the parties and the Court can discuss further scheduling and discovery. Defendants do not believe such a conference is necessary.)

18. Trial

The parties do not anticipate that a trial will be necessary.

*Poulsen v. DOD,* No 17-3531
Joint Case Management Statement

19. Disclosure of Non-party Interested Entities or Persons

This requirement does not apply to Defendants, which are governmental entities or agencies. Plaintiff filed his certificate on June 26, 2017 (dkt. No. 8).

20. Professional Conduct

All Counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:   /s/ W. Gordon Kaupp

Counsel for plaintiff
W. GORDON KAUPP
Kaupp & Feinberg, LLP
One Sansome Street, 35th Floor
San Francisco, CA 94104
Email: gordon@kauppfeinberg.com

Dated:   /s/ Amy E Powell

Counsel for defendants
AMY POWELL
Trial Attorney (NY Bar)
Department of Justice, Civil Division
310 New Bern Avenue, Suite 800
Federal Building
Raleigh, NC 27601-1461
Email: amy.powell@usdoj.gov
*Attorney for Defendants*

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE