W. GORDON KAUPP, SBN 226141
KAUPP & FEINBERG, LLP
One Sansome Street, 35th Floor
San Francisco, California 94104
Telephone:   (415) 896-4588
Facsimile:    (415) 294-9127
E-Mail:         gordon@kauppfeinberg.com

COLLEEN FLYNN, SBN 234281
LAW OFFICE OF COLLEEN FLYNN
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
Telephone:   (213) 252-9444
Facsimile:    (213) 252-0091
E-Mail:         cflynnlaw@yahoo.com

Attorneys for Plaintiff
KEVIN POULSEN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN POULSEN,<br><br>           Plaintiff,<br><br>     vs.<br><br>DEPARTMENT OF DEFENSE; OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE; and DEPARTMENT OF JUSTICE;<br><br>           Defendants. | CASE NO. 17-cv-03531-WHO<br><br>**PLAINTIFF KEVIN POULSEN'S REQUEST FOR JUDICIAL NOTICE** |

Plaintiff Kevin Poulsen hereby respectfully requests that this Court take judicial notice under Federal Rule of Evidence 201 of documents and information not available to the parties until after full briefing to the Court of Defendants Department of Defense ("DOD"), Office of the Director of National Intelligence ("ODNI"), and the Department of Justice's ("DOJ") Motion for Summary Judgment.

//

//

1

## I. INTRODUCTION

Plaintiff Kevin Poulsen hereby submits this Request for Judicial Notice in support of his Opposition to Defendants' Motion for Summary Judgment and respectfully requests that this Court take judicial notice of the memorandum by the House Permanent Select Committee on Intelligence Majority Staff dated January 18, 2018 ("the Nunes Memo"), the letter by White House Counsel to the President, Donald F. McGahn II, dated February 2, 2018 ("the McGahn Letter"), and President Trump's January 19, 2018 and February 3, 2018 tweets, attached hereto as Exhibits 1, 2, and 3, respectively. Defendants have asserted *Glomar* responses arguing that they cannot admit or deny the existence of responsive records, including FISA applications and warrants.

Amy Powell, counsel for Defendants DOD, DOJ and ODNI, has stated that the Government is not prepared to take a position at this time and may seek an opportunity to respond.

## II. ARGUMENT

### A. The Legal Standard Governing Requests for Judicial Notice

"The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). A district court may take judicial notice of facts not subject to reasonable dispute that are "capable of ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court **must** take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2)(emphasis added).

### B. Because President Trump's Declassification and Release of the Nunes Memo Contained within the Letter by White Counsel to the President Is Not Subject to Reasonable Dispute and Because the Court has been Supplied the Necessary Information, this Court Must Take Judicial Notice of the Letter

Plaintiff requests that this Court take judicial notice of the letter by Counsel to the President, Donald F. McGahn II, dated February 2, 2018, a copy of which is attached hereto as Exhibit 1.

A court may take judicial notice of matters of public record. *Kihagi v. City of San Francisco,* No. 15-cv-01168-KAW, 2016 WL 5682575, 2016 U.S. Dist. LEXIS 137187, at *6 (N.D. Cal. Oct. 3, 2016). Records that are made publically-available by a government agency constitute matters of public records that may be judicially noticed. *Stengel v. Medtronic Inc.,* 676 F.3d 1159, 1160 (9th Cir. 2012), *rev'd on other grounds,* 704 F.3d 1224 (9th Cir. 2013) (finding FDA documents appropriate for judicial notice,

2

since the "accuracy of FDA records cannot reasonably be questioned."). Likewise, judicial notice of information sourced from congressional documents is proper because it cannot be subject to reasonable dispute. *United States ex rel. Dingle v. Bioport Corp.,* 270 F. Supp.2d 968, 972-973 (W.D. Mich. 2003), *aff'd,* 388 F.3d 209 (6th Cir. 2004).

The McGahn Letter was released by the House Permanent Select Committee on Intelligence and made available in the House Intelligence Committee's web site. The Letter reflects the President's declassification of the Nunes Memo (and the information contained therein) as well as the President's decision to release the Nunes Memo. These facts "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" by accessing the web site for the Intelligence Committee of the U.S. House of Representatives.[1] Because these facts are publically-available, not subject to reasonable dispute, the Plaintiff has requested judicial notice, and the Plaintiff has supplied the necessary information to the Court, this Court must take judicial notice of the McGahn Letter. Fed. R. Evid. 201(b).

    **C. Because the Statements Contained within the Nunes Memo that a FISA Warrant Application for Carter Page was Submitted and Granted Are Not Subject to Reasonable Dispute and Because the Court has been Supplied the Necessary Information, this Court Must Take Judicial Notice of the Nunes Memo**

Plaintiff also requests that this Court take judicial notice of the Nunes Memo, a copy of which is attached hereto as Exhibit 2, for the same reasons stated in section II.B, *supra*. The Nunes memo acknowledges the existence of FISA warrant applications for Carter Page (a former campaign advisor to President Trump) and the granting of those FISA warrant applications.

Because the Nunes Memo is a publically-available record that has been released by a congressional committee the statements contained within "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" by accessing the web site for the Intelligence committee of the U.S. House of Representatives.[2] Because these facts are not subject to

---

[1] The Nunes Memo and the White House's determination to release the memo is available at https://intelligence.house.gov/uploadedfiles/memo_and_white_house_letter.pdf.

[2] The Nunes Memo and the White House's determination to release the memo is available at https://intelligence.house.gov/uploadedfiles/memo_and_white_house_letter.pdf.

reasonable dispute, the Plaintiff has requested judicial notice, and the Plaintiff has supplied the necessary information to the Court, this Court must take judicial notice of the Nunes Memo. Fed. R. Evid. 201(b).

### D.  Plaintiff Requests that this Court Take Judicial Notice of President Trump's Tweets

Plaintiff also requests that this Court take judicial notice of a tweet by President Trump that was made after Plaintiff's submission of his Opposition to Defendants' Motion for Summary Judgment.

Both this Court and the Ninth Circuit have previously taken judicial notice of the President's tweets. This Court recently granted a request for judicial notice of one of President Trump's tweets. *Regents of the Univ. of Cal. v. U.S. Dept. of Homeland Sec.,* No. C 17-05211 WHA; No. C 17-05235 WHA; No. C 17-05329 WHA; No. C 17-05380; No. 17-05813, 2018 U.S. Dist. LEXIS 4036 at *60 n. 18 (N.D. Cal. Jan. 9, 2018).

In *Hawaii v. Trump,* the Ninth Circuit, quoting Rule 201(b)(2) of the Federal Rules of Evidence, took judicial notice of President Trump's tweets because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." 859 F.3d 741, 789 n. 14 (9th Cir. 2017). In deciding to take judicial notice of President Trump's tweets, the Ninth Circuit also recognized that, according to the White House, the President's tweets are "considered official statements by the President of the United States." 859 F.3d at 789 n.14, citing http://.www.cnn.com/2017/06/06/politics/trump-tweets-official-statements/ (reporting the White House Press Secretary's confirmation that the President's tweets are "considered official statements by the President of the United States").

On January 19, 2018, President Trump tweeted the following:

> Just signed 702 Bill to reauthorize foreign intelligence collection. This is NOT the same FISA law that was so wrongly abused during the election. I will always do the right thing for our country and put the safety of the American people first.[3]

On February 3, 2018, President Trump tweeted the following:

---

[3] https://twitter.com/realDonaldTrump/status/954456754137501697

The four page memo released Friday reports the disturbing fact about how the FBI and FISA appear to have been used to influence the 2016 election and its aftermath….The FBI failed to inform the FISA court that the Clinton campaign had funded the dossier….the FBI became…[4]

…a tool of anti-Trump political actors. This is unacceptable in a democracy and ought to alarm anyone who wants the FBI to be a nonpartisan enforcer of the law….The FBI wasn't straight with Congress, as it hid most of these facts form investigators." Wall Street Journal[5]

The President's statements contained within these tweets "can be accurately and readily determined from sources whose accuracy cannot reasonably be questions" by accessing the tweets posted by the President's twitter account. Because the plaintiff has requested judicial notice and supplied the Court with the necessary information, this Court must take judicial notice of these tweets.

### III. CONCLUSION

Based on the foregoing, Plaintiff Kevin Poulsen hereby respectfully requests that this Court take judicial notice of the McGahn Letter, the Nunes Memo and President Trump's January 18, and February 3, 2018 tweets.

DATED: February 5, 2018                    By    /s/ Gordon Kaupp
                                                  W. Gordon Kaupp
                                                  Attorney for Plaintiff
                                                  KEVIN POULSEN

---

[4] https://twitter.com/realDonaldTrump/status/959949725028974592
[5] https://twitter.com/realDonaldTrump/status/959952974826098688

**PLAINTIFF KEVIN POULSEN'S REQUEST FOR JUDICIAL NOTICE**
*POULSEN v. DOD et al.*