AMY POWELL
Trial Attorney (NY Bar)
Department of Justice, Civil Division
310 New Bern Avenue, Suite 800
Federal Building
Raleigh, NC 27601-1461
Email: amy.powell@usdoj.gov
*Attorney for Defendants*

W. GORDON KAUPP, State Bar No. 226141
Kaupp & Feinberg, LLP
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone:   (415) 896-4588
Facsimile:   (415) 294-9127
Email:       gordon@kauppfeinberg.com
*Attorney for Plaintiff Kevin Poulsen*

COLLEEN FLYNN, State Bar No. 234281
Law Office of Colleen Flynn
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
Telephone:   (213) 252-9444
Facsimile:   (213) 252-0091
Email:       cflynnlaw@yahoo.com
*Attorney for Plaintiff Kevin Poulsen*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN POULSEN, <br>     Plaintiff, <br><br> vs. <br><br> United States Department of Defense, Office of the Director of National Intelligence, Department of Justice, <br>     Defendants. | Case Number: 17-cv-3531 <br><br> JOINT CASE MANAGEMENT STATEMENT |

**JOINT CASE MANAGEMENT STATEMENT**

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Order dated February 16, 2018. Counsel for the parties to the above-entitled action, having met and conferred telephonically on March 15, 2018, and by email thereafter, jointly submit this Case Management Statement.

1. Factual and Procedural Background

In March 2017, Plaintiff submitted a Freedom of Information Act request to the National Security Agency ("NSA") of the United States Department of Defense ("DOD"), the Office of the Director of National Intelligence ("ODNI"), and three components of the Department of Justice ("DOJ"), including the Office of Legal Counsel ("OLC"), the National Security Division ("NSD") and the Federal Bureau of Investigation ("FBI"), collectively referred to herein as "tDefendants."  The FOIA requests sought categories of records related to alleged electronic surveillance of Donald Trump or any of his advisors during the 2016 election campaign. None of the Defendants have produced responsive records.  Plaintiff seeks an Order for the Defendants to immediately search for and process responsive records subject to FOIA.

The Government filed a motion for summary judgment.  With narrow exceptions, Defendants' Motion for Summary Judgment set forth Defendants' bases for generally refusing to confirm or deny the existence of responsive records relating to alleged electronic surveillance of Donald Trump or his advisors during a particular timeframe.

Subsequent to the briefing of summary judgment, additional information related to this matter was declassified and disclosed.  On February 2, 2018, Congress released the document that Plaintiff attached to his Request for Judicial Notice, referred to as the "Nunes Memorandum."  The President declassified the memorandum, which included references to the existence of FISA material related to Carter Page.  Although Carter Page separated from the Trump campaign before the initial FISA order was obtained, Defendants stated that the FISA applications are potentially responsive to the request for surveillance documents regarding then-

candidate Trump's "advisors." On February 24, 2018, HPSCI's Democratic Members released a redacted memorandum authored by Adam Schiff, ranking member of HPSCI, to "correct the record" following release of the Nunes Memorandum (hereafter "the Schiff Memorandum").

2. The Motion to Withdraw Court Order.

On February 15, 2018, after the Nunes Memorandum was declassified, the Government moved to withdraw its motion for summary judgment and requested 30 days to confer with Plaintiff's counsel and propose a reasonable schedule for the Government to make any additional disclosures of records and to re-brief summary judgment, including asserting any remaining partial Glomar response. The Plaintiff opposed in part.

On February 16, 2018, the Court granted the motion to withdraw and set a case management conference for March 27, 2018 at 2:00 p.m., where the Court will set a deadline for the filing of a renewed motion for summary judgment if the parties have not agreed to a briefing schedule by that date. *See* Dkt. 44. The Court indicated that it "expect[s] that the government will have done the work necessary between now and March 27, 2018 to have provided plaintiff with amended responses to his FOIA Request by that time and that the renewed motion for summary judgment will be filed shortly thereafter." *Id.* The Court directed the parties to file a Joint Case Management Statement by March 20, 2018. *Id.*

3. Defendants' Position.

The recent disclosures impact Defendants' Glomar positions in different ways. First, with respect to the DOJ components involved, NSD and FBI are processing certain FISA applications and orders related to Carter Page for responsiveness, classification and FOIA exemptions in response to this and other pending FOIA matters. Otherwise, NSD and FBI expect to maintain the partial Glomar response established by the first motion for summary

judgment.[1] DOJ OLC is modifying its FOIA response to indicate that it has no responsive records related to FISA surveillance of Carter Page.

NSA and ODNI expect to maintain their Glomar responses, including refusing to confirm or deny whether they have an intelligence interest in any particular individual.

Defendants request additional time, up to and including July 20, 2018 to complete processing of documents by NSD and FBI.  The Government does not make this request lightly.  The attached Declaration of David Hardy explains that ongoing review of these documents is novel, complex and time-consuming.  The Government has never, in any litigation civil or criminal, processed FISA applications for release to the public.  *See* Hardy Decl. ¶ 9.  The documents are lengthy and complicated, and the assessment of national security risk requires significant consultation and review and the diversion of operational resources from FBI's law enforcement and national security missions.  *Id*.  ¶¶ 8-15.  The Hardy Declaration explains that this is an ongoing, multistep process to identify matching information in the documents and in public disclosures, to analyze classification and FOIA exemption status of all information in the documents, and to disclose any reasonably segregable non-exempt information.  *Id.* ¶¶ 8-13.  Finally, if and when portions of the FISA applications and FISC orders are identified for release after all classification, FOIA exemption, and segregability determinations are made, the Government may have to move the FISC for an unsealing order in order to make the release.  *Id*. ¶ 14.

Plaintiff's attempt below to paint the processing of the Carter Page FISA materials as a limited undertaking cannot be squared with the Hardy Declaration.  Indeed, just yesterday, the District Court for the District of Columbia granted DOJ the requested four months to process the Carter Page FISA materials in a similar case involving a similar FOIA request, based on the

---

[1] Namely, DOJ previously made a partial no records response - that it has no records related to wiretaps as described by the March 4, 2017 tweets.  Because Plaintiff's request is broader than the category of alleged wiretaps described in those statements, however, DOJ did not confirm or deny the existence of any other responsive records.

Page **4** of **9**

*Poulsen v. DOD,* No 17-3531
Joint Case Management Statement

Hardy Declaration. *See James Madison Project v. DOJ*, Case 1:17-cv-00597-APM (D.D.C. March 19, 2018). While the court acknowledged the public interest in the materials, it also recognized the unprecedented, complex, and sensitive nature of the review to be conducted. The court further ordered DOJ to file a status report in two months to assure that the process is on track to be completed in four months. *Id*. Defendants propose to file a similar status report in the instant case as well.

Defendants further propose that after the processing of the Carter Page FISA materials is complete, the parties meet and confer to determine whether Plaintiff is challenging any portion of Defendants' response to Plaintiff's FOIA request. Defendants propose that the parties file a joint status report proposing next steps on or before August 3, 2018. If summary judgment briefing is necessary, all Defendants will need to draft and file new declarations accounting for recent public disclosures and any releases by FBI and NSD. Although NSA and ODNI are maintaining their Glomar responses, their declarations need to take into account subsequent disclosures. Moreover, the issues presented by Defendants all substantially overlap and should be briefed and decided together.

Accordingly, Defendants propose the following schedule:

- May 18, 2018 – Defendants will file a status report.
- July 20, 2018 - Defendants complete processing and production of responsive, non-exempt documents subject to FOIA.
- August 3, 2018 - The parties will meet and confer to determine whether any issues can be resolved without briefing, and submit a joint status report proposing next steps on or before August 3, 2018.

Defendant opposes Plaintiff's proposal below for bifurcated briefing. Briefing the Glomar portion of Defendants' responses prior to briefing any issues concerning or arising from the processing of the Carter Page documents would not be an efficient use of the parties' or the Court's resources and would likely necessitate briefing the same or similar issues more than

Page **5** of **9**

*Poulsen v. DOD,* No 17-3531
Joint Case Management Statement

once. The Glomar or partial Glomar responses of each agency will have to be evaluated in light of the information currently publicly available, including any potential releases of portions of the Page documents. Plaintiff will no doubt argue that the declassification of the Nunes Memorandum, as well as other public information, necessitate both a piercing of the partial Glomar response and a broader release of material. The Government will likely argue that it has carefully considered the information in the public sphere and determined that further disclosures risk harm to interests protected by FOIA exemptions. In short, the issues related to any Glomar responses and the processing of the Carter Page documents are not so distinct as to justify bifurcated dispositive briefing in this matter.

4. Plaintiff's Position.

The Defendants are seeking further delay to the resolution of the Glomar responses being asserted in this case while it processes a very limited subset of information responsive to Plaintiff's FOIA request that it may or may not eventually release.[2] Both in the Defendants' Position above and in the Declaration of David Hardy, the Government makes clear that it will, for the most part, continue to assert Glomar. Defendants NSA and ODNI expect to maintain their Glomar responses in full. Defendants OLC, FBI and NSD expect only to modify their Glomar responses as to FISA materials related to Carter Page. Therefore, except for the limited processing of Carter Page-related FISA materials, the FBI and NSD will continue to assert a Glomar response.

Although the FBI and NSD may need time to process the Carter Page FISA materials, there is no reason to delay a ruling on the Government's continued assertion of Glomar as to the remainder of Plaintiff's request. Waiting for the processing of the Page materials will unnecessarily delay the processing of Plaintiff's request if he prevails (even in part) over the

---

[2] The hearing on Defendants' Motion for Summary Judgment was originally set for January 31, 2018. Under the Defendants' proposed schedule the Glomar responses will not be briefed until after a meet and confer between the parties in August with a briefing schedule to be issued thereafter. This will likely result in a hearing date somewhere close to the original hearing date.

Page **6** of **9**

*Poulsen v. DOD,* No 17-3531
Joint Case Management Statement

Government's assertion of Glomar in its motion for summary judgment. As reflected in the Declaration of David Hardy only a very limited amount of information – that which was declassified and disclosed in the Nunes and Schiff memos – will be disclosed in this case. See, Declaration of David Hardy ("Hardy Dec."), ¶¶ 4, 6, 7. The Government contends that the remainder of the information contained in the Carter Page FISA material as remains properly classified. Hardy Dec., ¶6.

The Government has not put forth a sufficient rationale for waiting for the FBI and NSD's processing before litigating renewed motions, especially since they are requesting four months to do so. Further, the agencies' continued Glomar positions are likely to be similar to those argued in their initial motion for summary judgment. Indeed, since the Government's Glomar response is simply that it can neither confirm nor deny the existence of responsive materials, it is hard to imagine any appreciable change in the declarations and arguments it will submit in support of its motion for summary judgment. And, regardless of what the Defendants disclose concerning the Carter Page FISA materials, Plaintiff will seek an order overruling their Glomar response. Accordingly, Plaintiff requests that the Government file its motion for summary judgment as to Defendants' continued assertion of Glomar while it processes the Carter Page FISA materials.

While the FBI and NSD's processing of the FISA applications and orders may be unprecedented and the process multi-layered, the Government has not provided the Court or Plaintiff with any description of how many documents must be reviewed. The Defendants' Position above merely describes the documents as "voluminous" while David Hardy characterizes them as "lengthy." See, Hardy Dec., ¶6. In order to assess the Government's request to have until July 2018, it matters whether the FBI is processing 200 pages or 5,000. The materials Plaintiff requested are of great interest to the public and the Government undoubtedly has the resources to meet a shorter deadline if it was required to do so.

Plaintiff, therefore, proposes the following schedule:

*Poulsen v. DOD,* No 17-3531
Joint Case Management Statement

- Defendants file a renewed summary judgment motion as to its continued assertion of Glomar within 45 days of the case management conference,

- Plaintiff files his opposition within 30 days thereafter,

- Defendants file their reply within 15 days of the opposition, and,

- Defendants FBI and NSD process the Carter Page FISA materials and produce a Vaughn index and releasable materials within two months of the case management conference. After Plaintiff receives this information the parties will meet and confer to determine whether any issues can be resolved without briefing, and submit a joint status report proposing next steps on or before June 8, 2018.

Respectfully Submitted,

Dated: March 20, 2018

*/s/ W. Gordon Kaupp*

Counsel for plaintiff
W. GORDON KAUPP
Kaupp & Feinberg, LLP
One Sansome Street, 35th Floor
San Francisco, CA 94104
Email: *gordon@kauppfeinberg.com*

Dated:  March 20, 2018

*/s/ Amy E Powell*

Counsel for defendants
AMY POWELL (NY Bar)
Department of Justice, Civil Division
310 New Bern Avenue, Suite 800
Federal Building
Raleigh, NC 27601-1461
Email: amy.powell@usdoj.gov
*Attorney for Defendants*

*Poulsen v. DOD,* No 17-3531
Joint Case Management Statement

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28