W. GORDON KAUPP, SBN 226141
KAUPP & FEINBERG, LLP
One Sansome Street, 35th Floor
San Francisco, California 94104
Telephone:  (415) 896-4588
Facsimile:  (415) 294-9127
E-Mail:  gordon@kauppfeinberg.com

COLLEEN FLYNN, SBN 234281
LAW OFFICE OF COLLEEN FLYNN
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
Telephone:  (213) 252-9444
Facsimile:  (213) 252-0091
E-Mail:  cflynnlaw@yahoo.com

Attorneys for Plaintiff
KEVIN POULSEN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN POULSEN,<br><br>       Plaintiff,<br><br>   vs.<br><br>DEPARTMENT OF DEFENSE; OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE; and DEPARTMENT OF JUSTICE;<br><br>       Defendants. | CASE NO. 17-cv-03531-WHO<br><br>**PLAINTIFF KEVIN POULSEN'S RENEWED REQUEST FOR JUDICIAL NOTICE** |

**I.   INTRODUCTION**

Plaintiff Kevin Poulsen hereby submits this Renewed Request for Judicial Notice, pursuant to Federal Rule of Evidence 201, in support of his Motion for Partial Summary Judgment (Dkt. No. 48) and in opposition to Defendants' Cross-Motion for Partial Summary Judgment and Opposition to Plaintiff's Motion (Dkt. No. 50). Plaintiff submitted an initial Request for Judicial Notice on February 6, 2018, (Dkt. No. 39), however as the Court has not yet made a determination regarding the initial request

1

and the President of the United States has made additional tweets relevant to this action, Plaintiff respectfully submits this renewed request seeking judicial notice of the information for which he previously requested judicial notice along with new information for which he seeks judicial notice, as follows:

- Memorandum by the House Permanent Select Committee on Intelligence Majority Staff dated January 18, 2018 ("the Nunes Memo"), attached hereto as **Exhibit 1**;

- Letter by White House Counsel to the President, Donald F. McGahn II, dated February 2, 2018 ("the McGahn Letter"), attached hereto as **Exhibit 2**;

- President Trump's March 4, 2017, November 29, 2017, January 19, 2018, and February 3, 2018 tweets, attached hereto as **Exhibit 3**;

- Department of Justice Order No. 3915-2017, Appointment of Special Counsel to Investigate Russian Interference with the 2016 Presidential Election and Related Matters ("Appointment of Special Counsel"), attached hereto as **Exhibit 4**;

- Statement of the Offense, *U.S.A. v. George Papadopoulos,* Case No. 1:17-cr-182-RDM ECF No. 19 (D.D.C. Oct. 5, 2017) ("*U.S.A. v. Papadopoulos"*), attached hereto as **Exhibit 5**;

- Statement of the Offense, *U.S.A. v. Michael Flynn*, Case No. 1:17-cr-232-RC, ECF No. 4 (D.D.C. Dec. 1, 2017) ("*U.S.A. v. Flynn"*), attached hereto as **Exhibit 6**, and;

- The Verified Applications to the Foreign Intelligence Surveillance Court and Primary Orders and Warrants concerning surveillance of Carter Page (the "Carter Page FISA materials"), attached hereto as **Exhibit 7**.

These documents disclose the government's public acknowledgment of its surveillance related to President Trump and his associates during the last presidential campaign and rebuts the government's argument it can neither admit nor deny the existence of the requested records regarding surveillance and the fruits of that surveillance.

2

## II. ARGUMENT

### a. The Legal Standard Governing Requests for Judicial Notice

"The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). A district court may take judicial notice of facts not subject to reasonable dispute that are "capable of ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2)(emphasis added).

### b. Because President Trump's Declassification of the Nunes Memo, via Letter by White House Counsel to the President, is Not Subject to Reasonable Dispute and Because Plaintiff Has Supplied the Necessary Information, this Court Must Take Judicial Notice of the Letter by White House Counsel and the President's Declassification of the Information Contained Within the Nunes Memo

Plaintiff requests this Court take judicial notice of the letter by Counsel to the President, Donald F. McGahn II, dated February 2, 2018, as well as the President's declassification of information contained in the Nunes Memo, copies of which are attached hereto as **Exhibits 1-2**, as these documents publicly disclose that the DOJ and FBI obtained a FISA warrant and three subsequent renewals for wiretap surveillance of Carter Page, a campaign advisor to then-candidate Trump.

A court may take judicial notice of matters of public record. *Kihagi v. City of San Francisco,* No. 15-cv-01168-KAW, 2016 WL 5682575, 2016 U.S. Dist. LEXIS 137187, at *6 (N.D. Cal. Oct. 3, 2016). Records that are made publically-available by a government agency constitute matters of public records that may be judicially noticed. *Stengel v. Medtronic Inc.,* 676 F.3d 1159, 1160 (9th Cir. 2012), *rev'd on other grounds,* 704 F.3d 1224 (9th Cir. 2013) (finding FDA documents appropriate for judicial notice, since the "accuracy of FDA records cannot reasonably be questioned."). Likewise, judicial notice of information sourced from congressional documents is proper because it cannot be subject to reasonable

dispute. *United States ex rel. Dingle v. Bioport Corp.,* 270 F. Supp.2d 968, 972-973 (W.D. Mich. 2003), *aff'd,* 388 F.3d 209 (6th Cir. 2004).

    The McGahn Letter was released by the House Permanent Select Committee on Intelligence and made available in the House Intelligence Committee's web site. The Letter reflects the President's declassification of the Nunes Memo (and the information contained therein) as well as the President's decision to release the Nunes Memo. These facts "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" by accessing the web site for the Intelligence Committee of the U.S. House of Representatives.[1] Because these facts are publically-available, not subject to reasonable dispute, the Plaintiff has requested judicial notice, and the Plaintiff has supplied the necessary information to the Court. Accordingly, this Court must take judicial notice of the McGahn Letter and Nunes Memo. Fed. R. Evid. 201(b).

    **c. Because President Trump's Tweets Are Not Subject to Reasonable Dispute and Because the Court Has Been Supplied the Necessary Information, This Court Must Take Judicial Notice of President Trump's Tweets**

    Plaintiff requests that this Court take judicial notice of tweets President Trump made on March 4, 2017, November 29, 2017, January 19, 2018, and February 3, 2018, attached hereto as **Exhibit 3,** as they are the official statements of the President of the United States of America. These tweets publicly state that then-President Obama wiretapped then-candidate Trump's telephones at Trump tower just prior to the election and that there had been surveillance of Trump's associates.

    Both this Court and the Ninth Circuit have previously taken judicial notice of the President's tweets. This Court recently granted a request for judicial notice of one of President Trump's tweets. *Regents of the Univ. of Cal. v. U.S. Dept. of Homeland Sec.,* No. C 17-05211 WHA; No. C 17-05235 WHA; No. C 17-05329 WHA; No. C 17-05380; No. 17-05813, 2018 U.S. Dist. LEXIS 4036 at *60 n.

---

[1] The Nunes Memo and the White House's determination to release the memo is available at https://intelligence.house.gov/uploadedfiles/memo_and_white_house_letter.pdf.

4

18 (N.D. Cal. Jan. 9, 2018).

In *Hawaii v. Trump,* the Ninth Circuit, quoting Rule 201(b)(2) of the Federal Rules of Evidence, took judicial notice of President Trump's tweets because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." 859 F.3d 741, 789 n. 14 (9th Cir. 2017). In deciding to take judicial notice of President Trump's tweets, the Ninth Circuit also recognized that, according to the White House, the President's tweets are "considered official statements by the President of the United States." 859 F.3d at 789 n.14, citing http://.www.cnn.com/2017/06/06/politics/trump-tweets-official-statements/ (reporting the White House Press Secretary's confirmation that the President's tweets are "considered official statements by the President of the United States").

On March 4, 2017, the President of the United States, Donald J. Trump, sent a series of four social media posts through the social media platform Twitter:

> Terrible! Just found out that Obama had my 'wires tapped' in Trump Tower just before the victory. Nothing found. This is McCarthyism!
>
> Is it legal for a sitting President to be 'wire tapping' [sic] a race for president prior to an election? Turned down by court earlier. A NEW LOW!
>
> I'd bet a good lawyer could make a great case out of the fact that President Obama was tapping my phones in October, just prior to Election!
>
> How low has President Obama gone to tapp [sic] my phones during the very sacred election process. [Sic] This is Nixon/Watergate. Bad (or sick) guy![2]

On November 29, 2017, President Trump tweeted the following:

> The House of Representatives seeks contempt citations(?) against the Justice Department and the FBI for withholding key documents and an FBI witness which could shed light **on surveillance of associates of Donald Trump**. Big

---

[2] https://twitter.com/realDonaldTrump/status/837989835818287106,
https://twitter.com/realDonaldTrump/status/837993273679560704,
https://twitter.com/realDonaldTrump/status/837994257566863360,
https://twitter.com/realDonaldTrump/status/83799674623618252

5

**PLAINTIFF KEVIN POULSEN'S RENEWED REQUEST FOR JUDICIAL NOTICE**
*POULSEN v. DOD et al.*

stuff. Deep State. Give this information NOW! @FOXNEWS[3]

On January 19, 2018, President Trump tweeted the following:

> Just signed 702 Bill to reauthorize foreign intelligence collection. This is NOT the same FISA law that was so wrongly abused during the election. I will always do the right thing for our country and put the safety of the American people first.[4]

On February 3, 2018, President Trump tweeted the following:

> The four page memo released Friday reports the disturbing fact about how the FBI and FISA appear to have been used to influence the 2016 election and its aftermath…. The FBI failed to inform the FISA court that the Clinton campaign had funded the dossier….the FBI became…[5]

> …a tool of anti-Trump political actors. This is unacceptable in a democracy and ought to alarm anyone who wants the FBI to be a nonpartisan enforcer of the law….The FBI wasn't straight with Congress, as it hid most of these facts form investigators." Wall Street Journal[6]

The President's statements contained within these tweets "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" by accessing the tweets posted by the President's twitter account. Because the plaintiff has requested judicial notice and supplied the Court with the necessary information, this Court must take judicial notice of these tweets.

### d. Because the Appointment of Special Counsel Is Not Subject to Reasonable Dispute and Because the Court Has Been Supplied the Necessary Information, This Court Must Take Judicial Notice of the Appointment of Special Counsel

Plaintiff requests this Court take judicial notice of the Appointment of Special Counsel, a copy of which is attached as **Exhibit 4**. On May 17, 2017, Acting Attorney General Rosenstein, pursuant to the "the authority vested in [him] as Acting Attorney General, including 28 U.S.C. §§ 509, 510, and 515," appointed Robert S. Mueller to serve as Special Counsel for the Department of Justice to "ensure a full

---

[3] https://twitter.com/realDonaldTrump/status/936037938898636800

[4] https://twitter.com/realDonaldTrump/status/954456754137501697

[5] https://twitter.com/realDonaldTrump/status/959949725028974592

[6] https://twitter.com/realDonaldTrump/status/959952974826098688

6

and thorough investigation of the Russian government's efforts to interfere in the 2016 presidential election… including any links and/or coordination between the Russian government and individuals associated with the campaign of President Donald Trump." *See* Department of Justice Order No. 3915-2007.[7]

Because the Appointment of Special Counsel is a publically-available record that has been released by the Department of Justice ("DOJ") the statements contained within "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" by accessing the web site for the DOJ. *Stengel.,* 676 F.3d at 1160. Because these facts are not subject to reasonable dispute, the Plaintiff has requested judicial notice, and the Plaintiff has supplied the necessary information to the Court. Accordingly, this Court must take judicial notice of the Appointment of Special Counsel. Fed. R. Evid. 201(b).

> e. **Because the Statements Contained in *U.S.A. v. Papadopoulos* and *U.S.A. v. Flynn* Are Not Subject to Reasonable Dispute and Because the Court Has Been Supplied the Necessary Information, This Court Must Take Judicial Notice of the Statements of the Offense in *U.S.A. v. Papadopoulos* and *U.S.A. v. Flynn***

Plaintiff requests this Court take judicial notice of the Statements of the Offense in *U.S.A. v Papadoplous* and *U.S.A. v. Flynn,* copies of which are attached as **Exhibit 5-6.** Mr. Papadopolous, who served as foreign policy advisor for the presidential campaign of then-candidate Trump was charged, in *U.S.A. v. Papadopolous,* with making false statements to the FBI in connection with the agency's investigation into the Russian government's efforts to interfere in the 2016 presidential election.[8] Mr. Flynn, who served as a surrogate and national security advisor for then candidate Trump and as a senior member of President-Elect Trump's Transition Team, as well as National Security Advisor to President

---

[7] The Appointment of Special Counsel is available on the DOJ's website at https://www.justice.gov/opa/press-release/file/967231/.

[8] *U.S.A. v. Papadopolous* is available on the DOJ's website at *https://www.justice.gov/file/1007346/download.*

7

**PLAINTIFF KEVIN POULSEN'S RENEWED REQUEST FOR JUDICIAL NOTICE**
*POULSEN v. DOD et al.*

Trump, was charged, in *U.S.A. v. Flynn,* with making false statements to the FBI in connection with the agency's investigation into Russia's efforts to interfere with the 2016 election, including links between individuals associated with the Trump's campaign and Russia.[9] In connection with both Defendant Flynn and Defendant Papadopolous' guilty pleas, the United States of America and the Defendants stipulated to facts that formed the basis for their pleas. See, **Exhibits 5-6**.

Notice of a fact that can easily be verified from a reliable source allows a court to take notice of other court records. *Holder v. Holder,* 305 F.3d 854, 866 (9th Cir. 2002). Because *U.S.A. v Papadopolous* and *U.S.A. v. Flynn* are both publically-available records available through the Court's Public Access to Court Electronic Records ("PACER/ECF") system and have been released by the DOJ, the statements contained within "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Stengel.,* 676 F.3d at 1160. Because these facts are not subject to reasonable dispute, the Plaintiff has requested judicial notice, and the Plaintiff has supplied the necessary information to the Court, this Court must take judicial notice of *U.S.A. v Papadoplous* and *U.S.A. v. Flynn*. Fed. R. Evid. 201(b).

    **f. Because the Carter Page FISA Warrant Applications and the Related Orders for Warrants Have Been Disclosed by the Government, Are Not Subject to Reasonable Dispute, and Because the Court Has Been Supplied the Necessary Information, This Court Must Take Judicial Notice of the Carter Page FISA Warrant Materials**

Plaintiff requests this Court to take judicial notice of the DOJ and FBI's FISA warrant applications and the FISC's granting warrants to the DOJ and FBI for surveillance of Carter Page. On July 20, 2018, the Defendant Department of Justice's Federal Bureau of Investigation disclosed 412 pages of records pertaining the DOJ and FBI seeking and obtaining authority under the Foreign Intelligence Surveillance Act to conduct surveillance of Carter Page. See, **Exhibit 7**.

Because the Carter Page FISA materials were made publically-available by a government agency

---

[9] *U.S.A. v. Flynn* is available on the DOJ's website at *https://www.justice.gov/file/1015126/download*.

they constitute matters of public records that may be judicially noticed. *Stengel,* 676 F.3d 1159, 1160.

See also, *Bryan v. City of Carlsbad,* 297 F. Supp. 3d 1107, 1115 (S.D. Cal. 2018) (Granting requests for judicial notice and holding that warrant applications and issuance of warrants are appropriate for judicial notice under Fed. R. Evid. 201).

### III. CONCLUSION

Based on the foregoing, Plaintiff Kevin Poulsen hereby respectfully requests this Court take judicial notice of these documents.

Dated:  September 4, 2017    */s/ Gordon Kaupp*_____
                             By: W. Gordon Kaupp
                             Attorney for Plaintiff
                             KEVIN POULSEN