W. GORDON KAUPP, State Bar No. 226141
Kaupp & Feinberg, LLP
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone:     (415) 896-4588
Facsimile:      (415) 294-9127
Email:          gordon@kauppfeinberg.com

COLLEEN FLYNN, State Bar No. 234281
Law Office of Colleen Flynn
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
Telephone:     (213) 252-9444
Facsimile:      (213) 252-0091
Email:          cflynnlaw@yahoo.com

*Attorneys for Plaintiff Kevin Poulsen*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN POULSEN,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED STATES DEPARTMENT OF DEFENSE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, DDEPARTMENT OF JUSTICE,<br>　　　　　　Defendants. | Case Number: 17-cv-3531-WHO<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AN ATTORNEY FEE AWARD PER 5 U.S.C. § 552 (a)(4)(E); MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Hearing Date: June 5, 2019<br>Time: 2:00 p.m.<br>Courtroom: 2<br><br>Judge: HON. WILLIAM H. ORRICK |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

TO THE HONORALBE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Wednesday, June 5, 2019 at 2:00 p.m., in Courtroom 2 of the Honorable William H. Orrick, United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, CA 94102, or as soon thereafter as the matter may be heard, Plaintiff Kevin Poulsen will and hereby does move this Court for an order compelling the Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") to pay Mr. Poulsen's attorneys' fees and costs in full within 30 days. This motion is based on 5 U.S.C. § 552(a)(4)(E), the attorney-fee provision of the Freedom of Information Act ("FOIA").

Mr. Poulsen is eligible to be reimbursed for his attorneys' fees and costs because he substantially prevailed in the instant litigation; he obtained relief both through a court order and a voluntary change in the position of the government, and his claim was not insubstantial. After the filing of Mr. Poulsen's complaint, the government produced hundreds of pages of documents under a deadline that was ordered by the Court. The majority of these documents are Foreign Intelligence Surveillance Act ("FISA") materials, including FISA court applications and orders. According to the government, this is the first time in history that the government has ever disclosed FISA materials to the public through the FOIA or otherwise. ("It is wholly unprecedented for the Government to disclose FISA applications at all, whether under the FOIA or otherwise." *See* Second Declaration of David M. Hardy ("2nd Hardy Decl."), Dkt. 54-1, pg. 4-5.)

Mr. Poulsen is also entitled to fees; the equitable factors support an award of fees as follows: 1) the public benefited from a better understanding of the U.S. government's surveillance of an advisor to the Trump Campaign concerning his ties to Russia as well as the FBI and Special Counsel's investigation into Russian interference in the 2016 presidential election; 2) the request was made for journalistic purposes; and 3) the information sought involves matters of vital national importance and interest.

1
2
3
4
5
6

       Mr. Poulsen, therefore, respectfully requests the Court grant this motion and order Defendants to pay in full within 30 days of the Court's order the attorneys' fees and costs Mr. Poulsen has incurred in the amount of $184,331.60, and $400 in costs.  This request is reasonable because it is within the range of awards found to be reasonable by courts, is supported by declarations, and is reasonable in light of the importance of this action and the extent of the success achieved.

7
8
9
10

       This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declarations of W. Gordon Kaupp, Colleen Flynn, and Carol A. Sobel, all other records and files in this action, and upon such further oral/or documentary matters as may be presented to the Court at or before the hearing on this motion.

11
12    Dated: April 26, 2018                              Respectfully submitted,

13                                                                   /s/ Colleen Flynn
14                                                                   COLLEEN FLYNN

15                                                                   *Attorney for Plaintiff*

16
17
18
19
20
21
22
23
24
25
26
27
28

*Plaintiff's Motion for Attorney Fees*
*Poulsen v. DOD*, No. 17-cv-3531-WHO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Table of Contents

I.    INTRODUCTION ................................................................................. 7

II.   RELEVANT PROCEDURAL HISTORY ........................................ 8

III.  ARGUMENT ...................................................................................... 9

A.    The Legal Standard Governing an Award of Attorney Fees in FOIA Litigation ........ 9

B.    Plaintiff is Eligible for an Award of Attorney Fees Because He Substantially Prevailed in this Litigation ................................................................ 10

i.    Plaintiff Substantially Prevailed in the Instant Litigation and is Eligible for an Award of Attorney Fees Via Judicial Order under 5 U.S.C.§ 552(a)(4)(E)(ii)(I) ............................. 10

ii.   Plaintiff Substantially Prevailed in the Instant Litigation and is Eligible for an Award of Attorney Fees Via Voluntary or Unilateral Changes in the Agency's Position under 5 U.S.C. § 552 (a)(4)(E)(ii)(II) .................................................... 11

C.    Plaintiff is Entitled to An Award of Attorney Fees Because of the Enormous Public Benefit from and Widespread Dissemination of the Carter Page FISA materials .............. 12

i.    The Factors Governing Entitlement to Attorney Fees and Costs ................................... 12

ii.   The Factors Strongly Counsel Toward an Award of Attorney Fees Here .................... 13

a.    The release of the Carter Page FISA materials benefited the public ............................ 13

b.    Plaintiff sought these records for journalistic purpose and not a commercial benefit . 14

c.    The Defendants' response may have been reasonable but it is outweighed by the significance of the disclosure ................................................................ 15

D.    Plaintiff is Entitled to Award of Costs and Attorney Fees at a Reasonable Hourly Rate…………….................................................................. 17

IV.   CONCLUSION ................................................................................. 20

*Plaintiff's Motion for Attorney Fees*
*Poulsen v. DOD*, No. 17-cv-3531-WHO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Statutes**

5 U.S.C. § 552(a)(4)(E)................................................................................................. passim

**Cases**

*ACLU v. DEA,* No. 11-1997, 2012 WL 5951312 (N.D. Cal. Nov. 8, 2012) ............................... 13

*Aljuni v. FBI*, 947 F. Supp. 599 (N.D.N.Y. 1996) ........................................................... 17

*American Small Business League v. US Small Business Admin*, 2009 WL 1011632 ("*ASBL")*.. 15

*Church of Scientology v. U.S. Postal Service*, 700 F.2d 486 (9th Cir. 1983) ...................... passim

*Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 820 F. Supp. 2d 39
   (D.D.C. 2011) ...................................................................................................... 10

*Davy v. CIA*, 456 F.3d 162 (D.C. Cir. 2006) ("*Davy I*") ....................................................... 10

*Davy v. CIA*, 550 F.3d 1155 (D.C. Cir. 2008) ("*Davy II")* ......................................... 9, 13, 15, 16

*Elec. Privacy Info. Ctr. v. FBI*, 72 F. Supp. 3d 338 (D.D.C. 2014)....................................... 10

*Elser v. I.A.M. Nat'l Pension Fund,* 579 F. Supp. 1375 (C.D. Cal. 1984) ............................... 19

*Exner v. FBI*, 443 F. Supp. 1349 (S.D. Cal. 1978) ........................................................ 9, 16

Favish v. Office of Indep. Counsel, 217 F.3d 1168 (9th Cir.2000).......................................... 15

*Fenster v. Brown*, 617 F.2d 740 (D.C. Cir. 1979) .............................................................. 15

*First Amendment Coalition v. DOJ*, 878 F.3d 1119 (9th Cir. 2017) ..................................... 11, 12

*Hiken v. Dept. of Defense,* 836 F.3d 1037 (9th Cir. 2016) ............................................... 9, 17

*Judicial Watch, Inc. v. DOJ*, 774 F.Supp. 2d 225 (D.D.C. 2011) ........................................ 10

*Judicial Watch, Inc. v. FBI*, 522 F.3d 364 (D.C. Cir. 2008)................................................... 10

*Kuzma v. IRS*, 821 F.2d 930 (2nd Cir. 1987)..................................................................... 20

*Long v. IRS*, 932 F.2d 1309 (9th Cir. 1991)................................................................... 14, 17

*Los Angeles Gay & Lesbian Community Services Center v. IRS,* 559 F.Supp.2d 1055 (C.D. Cal.
   2008) ................................................................................................................. 14

*McDonnell v. United States,* 970 F. Supp. 576 (D.N.J. 1994)............................................... 17

*Miller v. Holzmann,* 575 F.Supp.2d 2(D.D.C. 2008)......................................................... 19

*Plaintiff's Motion for Attorney Fees*
*Poulsen v. DOD*, No. 17-cv-3531-WHO

*Morales v. City of San Rafael*, 96 F.3d 359 (9th Cir. 1996) ........................................................ 17

*National Ass'n of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319 (D.C. Cir. 1982) ............................................................................................................................... 18, 19

*Rosenfeld v. DOJ*, 904 F. Supp. 2d 988 (N.D. Cal. 2014) ..................................................... 17, 18

*Wheeler v. IRS*, 37 F.Supp.2d 407 (W.D. Pa. 1998) ...................................................................... 16

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff and journalist Kevin Poulsen has substantially prevailed in this litigation and is both *eligible* for and *entitled* to an award of attorney fees and costs. Mr. Poulsen is *eligible* for attorney fees because he obtained relief both through a court order and a voluntary change in the position of the government, and because his claim was not insubstantial. After the filing of Mr. Poulsen's complaint, the government produced hundreds of pages of documents by the court-ordered deadline. The majority of the documents released by the government are FISA materials, including FISA court applications and orders. According to the government, this is the first time ever in the history of the FISA Court that FISA materials have been disclosed to the public by FOIA or otherwise. Once they were disclosed, the FISA materials garnered widespread media coverage to a public hungry for information about the government's investigation into the Trump Campaign and Russian interference in the 2016 presidential election.

Mr. Poulsen is *entitled* to attorney fees because (i) he sought these records for a journalistic purpose, (ii) the release of FISA materials for the first time in the history of the FISA Court is historically significant, (iii) widespread media coverage resulted from the release of the records, and (iv) there was enormous public interest in the Department of Justice and Special Counsel's investigation into the Trump Campaign's connection to the Russian Government's interference in the 2016 presidential election.

Because Mr. Poulsen was forced to bring this action in order to obtain the released documents, his counsel were required to devote significant time representing Mr. Poulsen in this matter. Further, a denial of fees would dissuade Mr. Pouslen, other journalists, and attorneys who they may hire from invoking their right to judicial review and would undermine Congress' intent to permit fee awards in order to encourage public disclosure of government information. Thus a denial of fees here would be contrary to both the letter and the spirit of the law. Accordingly, Mr. Poulsen respectfully requests the Court to grant the instant motion and order the Defendants Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") to pay in full within 30 days of an order granting this Motion the attorneys' fees and costs outlined below.

1

2

## II.   RELEVANT PROCEDURAL HISTORY

In March 2017, on the same day President Trump sent a series of now infamous tweets, Plaintiff Kevin Poulsen, a journalist for the Daily Beast, submitted Freedom of Information Act ("FOIA") requests to the National Security Agency ("NSA") of the United States Department of Defense ("DOD"), the Office of the Director of National Intelligence ("ODNI"), and three components of the Department of Justice ("DOJ"), including the Office of Legal Counsel ("OLC"), the National Security Division ("NSD") and the Federal Bureau of Investigation ("FBI"). The FOIA requests sought categories of records related to alleged electronic surveillance of Donald J. Trump or any of his advisors during the 2016 election campaign. None of the Defendants produced any records in response to Plaintiff's administrative requests – they either failed to respond at all or issued Glomar responses, refusing to confirm or deny the existence of responsive records.

Plaintiff filed his lawsuit on June 19, 2017. Defendants, in their initial summary judgment briefing, asserted Glomar as to all of Plaintiff's requests. After the declassification of the Carter Page Foreign Intelligence Surveillance Act ("FISA") materials, release of the "Nunes Memorandum," and the subsequent release of the "Schiff Memorandum," Defendants FBI and DOJ, collectively referred to herein as "Defendants" or "the government," believed they were required to review FISA materials related to Carter Page to determine what information contained in them had been declassified and whether any such declassified information could be released to Plaintiff in response to his FOIA request. (*See* Joint Case Management Statement, Dkt. No. 45). After it had been fully briefed, Defendants withdrew their summary judgment motion, reversed their position as to asserting Glomar for the Carter Page FISA materials as to the DOJ and FBI, and then processed and disclosed the Carter Page FISA materials.

On March 27, 2018, the Court ordered Defendants to "complete processing and production of responsive, non-exempt documents subject to FOIA by July 20, 2018," Dkt. No. 46. As ordered by the Court, that review was completed, and on July 20, 2018, the DOJ and FBI released to Plaintiff responsive, non-exempt material subject to FOIA (589 pages were reviewed

*Plaintiff's Motion for Attorney Fees*
*Poulsen v. DOD*, No. 17-cv-3531-WHO

and 412 pages were released in whole or in part). (Declaration of W. Gordon Kaupp ("Kaupp Decl."), ¶13.) As the Defendants have acknowledged, this is the first time that the government has *ever* released FISA court materials pursuant to a FOIA request or otherwise. ("It is wholly unprecedented for the Government to disclose FISA applications at all, whether under the FOIA or otherwise." (2nd Hardy Decl., Dkt. 54-1, pg. 4-5.)

The parties then separately briefed cross-motions for summary judgment with respect to Defendants DOD/NSA and ODNI's assertion of Glomar responses. In November and December 2018, Defendants provided supplemental productions to Plaintiff. On November 9, 2018, Defendants produced an additional 84 pages of FISA materials and on December 4, 2018, they produced 4 pages of documents regarding Former FBI Director Comey's testimony before the House Permanent Select Committee on Intelligence ("HPSCI"). On March 22, 2019, the Court issued its Order on Pending Motions granting Defendants' motions for summary judgment. Dkt. No. 78.

## III.   ARGUMENT

### A.   The Legal Standard Governing an Award of Attorney Fees in FOIA Litigation

To recover attorneys' fees pursuant to FOIA, a plaintiff must first demonstrate it has "substantially prevailed." 5 U.S.C. § 552(a)(4)(E).

In 2007, Congress amended the FOIA attorney fees statute to its current enactment:

(i)     The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

(ii)    For purposes of this subsection, a complainant has substantially prevailed if the complainant has obtained relief through either – (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.

5 U.S.C. § 552(a)(4)(E).

Therefore, a party may "substantially prevail," and be "eligible" for an attorney fee award, through either a "judicial order" or a "voluntary or unilateral change in position by the

*Plaintiff's Motion for Attorney Fees*
*Poulsen v. DOD, No. 17-cv-3531-WHO*

agency" over a not-insubstantial claim. *Id.* The Court must also find the plaintiff "entitled" to fees. *Hiken v. Dept. of Defense,* 836 F.3d 1037, 1043 (9th Cir. 2016) (citing *Church of Scientology v. U.S. Postal Service*, 700 F.2d 486, 489 (9th Cir. 1983) ("*Church of Scientology*"). Congress added the attorney fee provision to the FOIA because it "realized that an allowance of fees and costs was necessary in FOIA actions to encourage full public disclosure of government information." *Exner v. FBI*, 443 F. Supp. 1349, 1352 (S.D. Cal. 1978) (citation omitted) aff'd 612 F.2d 1202 (9th Cir. 1980). Congress "made a clear determination that an award of attorney fees is appropriate and desirable whenever a complainant prevails in FOIA litigation." *Id.* "A grudging application of this provision, which would dissuade those who have been denied information from invoking their right to judicial review, would be clearly contrary to congressional intent." *Davy v. CIA*, 550 F.3d 1155, 1158 (D.C. Cir. 2008) ("*Davy II")*.

## B. Plaintiff is Eligible for an Award of Attorney Fees Because He Substantially Prevailed in this Litigation

### i. Plaintiff Substantially Prevailed in the Instant Litigation and is Eligible for an Award of Attorney Fees Via Judicial Order under 5 U.S.C.§ 552(a)(4)(E)(ii)(I)

A party may "substantially prevail" and therefore be eligible for an award of attorney fees when responsive records are disclosed pursuant to a "judicial order." 5 U.S.C. § 552(a)(4)(E)(ii)(I). The judicial order must have "awarded some relief" that changes "the legal relationship between the plaintiff and defendant." *Judicial Watch, Inc. v. FBI*, 522 F.3d 364, 367-68 (D.C. Cir. 2008) (citing *Davy v. CIA*, 456 F.3d 162, 165-66 (D.C. Cir. 2006) ("*Davy I*") (internal quotation marks omitted)). An order that requires an agency to produce documents by a specific date *changes the legal relationship between the parties*. Prior to the order, the agency "[is] not under any judicial direction to produce documents by specific dates," whereas, after the order, the agency must do so or be subject to the sanction of contempt. *Id.* at 368 (citing *Davy I*, 456 F.3d at 166).

Page **10** of **20**

Courts have repeatedly held that a FOIA plaintiff substantially prevails under this statutory provision when a court issues a scheduling order that requires an agency to produce responsive documents by a date certain. *See Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 820 F. Supp. 2d 39, 44 (D.D.C. 2011); *Elec. Privacy Info. Ctr. v. FBI*, 72 F. Supp. 3d 338, 344-345 (D.D.C. 2014); *Judicial Watch, Inc. v. DOJ*, 774 F.Supp. 2d 225, 228-229 (D.D.C. 2011). Even where the scheduling order adopts the production schedule proposed by the government the plaintiff has still substantially prevailed via a court order. *See Citizens for Responsibility & Ethics in Washington*, 820 F. Supp. 2d at 44.

Mr. Poulsen has substantially prevailed in this litigation because the Court's scheduling order ordered the government to process and produce the requested records by July 20, 2018, which it did. On March 27, 2018, the Court issued a minute order ordering the government to "complete processing and production of responsive, non-exempt documents subject to FOIA by July 20, 2018." Dkt. No. 46. DOJ and FBI completed that review, and on July 20, 2018, as ordered, they released to Plaintiff responsive, non-exempt material subject to FOIA (589 pages were reviewed and 412 pages were released in whole or in part). (Kaupp Decl., ¶13.) The government released additional responsive materials in November and December 2018.

### ii.   Plaintiff Substantially Prevailed in the Instant Litigation and is Eligible for an Award of Attorney Fees Via Voluntary or Unilateral Changes in the Agency's Position under 5 U.S.C. § 552 (a)(4)(E)(ii)(II)

A FOIA plaintiff also substantially prevails through "a voluntary or unilateral change in position by the agency." 5 U.S.C. § 552(a)(4)(E)(ii)(II). As the government changed its position from asserting Glomar as to all of Mr. Poulsen's requests and then withdrew those arguments to review, process, and release the records, Mr. Poulsen substantially prevailed and is eligible for an award of attorney fees.

Although some courts have erroneously read a causation standard into Congress' 2007 amendments to the FOIA, there is no statutory for such a requirement. "When the statutory text is clear, it should not be defeated by legislative history unless the plain meaning threatens

*Plaintiff's Motion for Attorney Fees*
*Poulsen v. DOD*, No. 17-cv-3531-WHO

entirely to frustrate Congress's intentions in enacting the statute." *First Amendment Coalition v. DOJ*, 878 F.3d 1119, 1134 (9th Cir. 2017). (citing *King v. Burwell,* 135 S. Ct. 2480, 2495-2496 (2015). Further, there is no such causation requirement in the Ninth Circuit. *First Amendment Coalition,* 878 F3d at 1128, 1131 ("there is in fact no majority for the holding that causation has to be demonstrated").

However, even if there were to be such a catalyst requirement in this Circuit, Mr. Poulsen has met that burden. As explained in *The New York Times* on July 21, 2018 (the day after the FOIA materials were ordered disclosed), "even as Republicans and Democrats issued dueling memos characterizing the materials underlying the surveillance of Mr. Page, *the public had no access to… those materials* [until they] were released to *The New York Times* and other news organizations that had filed Freedom of Information Act lawsuits to obtain them."[1] It cannot reasonably be disputed that Mr. Poulsen and the other FOIA litigants caused the disclosure of these materials when the Defendants produced them on the date ordered by the Court, which then resulted in widespread media coverage and public consumption.

Without Mr. Poulsen and other journalists and news agencies suing for the release of these documents through the FOIA, the government was under no obligation to release them and would not have had to do so by July 20, 2018, as ordered by the Court. ("In keeping with FOIA's broad reach, the statute contemplates that there may well be parallel litigation in different venues." *First Amendment Coalition,* 878 F.3d at 1119.

**C. Plaintiff is Entitled to An Award of Attorney Fees Because of the Enormous Public Benefit from and Widespread Dissemination of the Carter Page FISA materials**

**i.   The Factors Governing Entitlement to Attorney Fees and Costs**

---

[1] Charlie Savage, "Carter Page FISA Documents Are Released by Justice Department," *The New York Times,* July 21, 2018, available at https://www.nytimes.com/2018/07/21/us/politics/carter-page-fisa.html (emphasis added)

*Plaintiff's Motion for Attorney Fees*
*Poulsen v. DOD*, No. 17-cv-3531-WHO

Once a court has determined that a party has substantially prevailed and is thus eligible for attorney fees, it may, in its discretion, determine whether the party is "entitled" to such fees by taking into account such factors as "(1) the benefit to the public, if any, deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; . . . (4) whether the government's withholding of the records sought had a reasonable basis in law"; and "whatever [other] factors it deems relevant in determining whether an award of attorney's fees is appropriate." *Church of Scientology*, 700 F.2d 486, 492 (9th Cir. 1983) (internal quotation marks omitted).

The first three factors "assist a court in distinguishing between requesters who seek documents for public informational purposes and those who seek documents for private advantage. The former engage in the kind of endeavor for which a public subsidy makes some sense, and they typically need the fee incentive to pursue litigation; the latter cannot deserve a subsidy as they benefit only themselves and typically need no incentive to litigate." *Davy II*, 550 F.3d at 1160. Thus, when a court evaluates entitlement to fees in a FOIA action, "a distinction is to be drawn between the plaintiff who seeks to advance his private commercial interests . . . and a newsman who seeks information to be used in a publication or the public interest group seeking information to further a project benefiting the general public." *Id*. at 1158.

### ii.   The Factors Strongly Counsel Toward an Award of Attorney Fees Here

#### a.   The release of the Carter Page FISA materials benefited the public

"Under the first criterion a court would award attorney's fees, for example, where a newsman was seeking information to be used in a publication." *Church of Scientology,* 700 F.2d

at 492 n.6 (quoting S. Rep. No. 93-854 at 19 (1974)). Courts should "take into account the degree of dissemination and the likely public impact that might result from disclosure." *ACLU v. DEA,* No. 11-1997, 2012 WL 5951312 (N.D. Cal. Nov. 8, 2012). In *ACLU,* the court noted that the released documents received "widespread media attention." *Id.*

Mr. Poulsen, a news reporter for the *Daily Beast,* sought the records for his reporting. The released documents then received widespread media attention. Within days of the release *The New York Times*,[2] *NPR*,[3] *CNN*,[4] *USA TODAY*,[5] and *CBS News*[6] all featured major coverage of the disclosures. The release of these documents and the widespread media attention they garnered benefited the public by providing a better understanding of the U.S. government's surveillance of an advisor to the Trump Campaign, concerning his ties to Russia, as well as the FBI and Special Counsel's investigation into Russian interference in the 2016 presidential election.

### b.  Plaintiff sought these records for journalistic purpose and not a commercial benefit

The Ninth Circuit has instructed that, pursuant to the second and third factors, a court "should generally award fees if the complainant's interest in the information sought was scholarly or journalistic or public-oriented," but should not do so "if his interest was of a

---

[2] Charlie Savage, "Carter Page FISA Documents Are Released by Justice Department," *The New York Times,* July 21, 2018, available at https://www.nytimes.com/2018/07/21/us/politics/carter-page-fisa.html
[3] "What You Need to Know About the Much-Discussed Carter Page FISA Document," *NPR,* July 23, 2018, available at https://www.npr.org/2018/07/23/631343524/what-you-need-to-know-about-the-much-discussed-carter-page-fisa-document
[4] "Read the Carter Page surveillance warrant documents," *CNN,* July 23, 2018, available at https://www.cnn.com/2018/07/22/politics/read-carter-page-fisa-documents/index.html
[5] Brad Heath, "FBI releases FISA records on Carter Page surveillance," *USA TODAY,* July 21, 2018, available at https://www.usatoday.com/story/news/2018/07/21/fbi-releases-carter-page-fisa-records/813984002/
[6] "FBI releases Carter Page's surveillance records," *CBS News,* July 22, 2018, available at https://www.cbsnews.com/news/carter-page-fisa-documents-released-today-2018-07-21/

*Plaintiff's Motion for Attorney Fees*
*Poulsen v. DOD,* No. 17-cv-3531-WHO

frivolous or purely commercial nature." *Long v. IRS,* 932 F.2d 1309, 1316 (9th Cir. 1991). The second and third factors of the entitlement test "are often considered together." *Los Angeles Gay & Lesbian Community Services Center v. IRS,* 559 F.Supp.2d 1055, 1060 (C.D. Cal. 2008); *accord*, *Church of Scientology*, 700 F.2d at 494 (courts have found it "logical to read the two criteria together").

Specifically, "[t]he second factor, commercial benefit to plaintiff, and the third factor, the nature of plaintiff's interest in the information sought, relate to whether the plaintiff requested information for a private commercial benefit only or whether the public interest benefited from the release of the requested information." *American Small Business League v. US Small Business Admin*, 2009 WL 1011632, at *3 ("*ASBL*") (citing *Church of Scientology*, 700 F.2d at 493 n.6, 494).

Mr. Poulsen, is a journalist who sought these records for a journalistic, not a commercial or private interest. His goal was in line with FOIA's "central purpose" of "ensur[ing] that the government's activities [are] opened to the sharp eye of public scrutiny." *Favish v. Office of Indep. Counsel,* 217 F.3d 1168, 1171 (9th Cir.2000) (internal quotation marks omitted). Accordingly, Plaintiff has satisfied both the second and third factor of the entitlement test.

### c.   The Defendants' response may have been reasonable but it is outweighed by the significance of the disclosures

To satisfy the "reasonable basis in law" factor, the government must show that (1) "it had a reasonable basis in law for concluding that the information in issue was exempt" and (2) "it had not been recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior." *Fenster v. Brown*, 617 F.2d 740, 744 (D.C. Cir. 1979). The first factor "relates to whether the government agency's actions appeared to have a 'colorable basis in law' or instead appeared to be carried out 'to frustrate the requester.'" *ASBL*, 2009 WL 1011632, at *4. "The

question is not whether [the requestor] has affirmatively shown that the agency was unreasonable, but rather whether the agency has shown that it had any colorable or reasonable basis for not disclosing the material until after [requestor] filed suit." *Davy II*, 550 F.3d at 1163.

However, even if the government's argument "is found on a colorable basis in law," that does not foreclose fee recovery by plaintiff; rather, this fact "is merely weighed along with the other factors." *Wheeler v. IRS*, 37 F.Supp.2d 407, 414 (W.D. Pa. 1998). Although the government may be able to show that it had a reasonable basis in law for the withholding, as it has never previously released FISA warrant applications or orders, when balanced with the (i) journalistic purpose for which the disclosure was sought, (ii) the historical significance of FISA materials being made public for the first time ever, (iii) the widespread media coverage that resulted from the disclosure, and (iv) the enormous public interest in the topic – the DOJ and Special Counsel's investigation into the Trump Campaign's coordination with the Russian Government's interference in the 2016 presidential election, the fact that Defendants *may* have acted reasonably carries little weight. This is particularly true given the clear legislative intent behind FOIA's attorney fee provision – "an allowance of fees and costs [is] necessary in FOIA actions to encourage full public disclosure of government information." *Exner*, 443 F. Supp. at 1352 *aff'd* 612 F.2d 1202 (9th Cir. 1980). In fulfilling Congress' mandate it has been expressly recognized that "[a] grudging application of this provision, which would dissuade those who have been denied information from invoking their right to judicial review, would be clearly contrary to congressional intent." *Davy II,* 550 F.3d at 1155. It would be paradoxical (and entirely contrary to Congressional intent) if Mr. Poulsen was denied an award of attorney fees after achieving a historic release of these FISA materials and the enormous public benefit that resulted.

As the Defendants have acknowledged, this is the first time that the Government has *ever* released FISA court materials pursuant to a FOIA request. ("It is wholly unprecedented for the Government to disclose FISA applications at all, whether under the FOIA or otherwise." (2nd Hardy Decl., Dkt. 54-1, pg. 4-5)). It was not the President's declassification order that

resulted in the actual disclosures. It was this and parallel FOIA litigation that prompted the disclosures ("*the public had no access to… those materials* [until they] were released to *The New York Times* and other news organizations that had filed Freedom of Information Act lawsuits to obtain them."[7]) And it was this Court's order that required the government to review, process, and release the documents when it did, on July 20, 2018. As Mr. Poulsen's FOIA litigation led to this unprecedented release, he is entitled to an award of attorney fees.

### D.  Plaintiff is Entitled to Award of Costs and Attorney Fees at a Reasonable Hourly Rate

After determining "the plaintiff is both eligible for and entitled to recover fees, the award must be given and the only room for discretion concerns the reasonableness of the amount requested." *Rosenfeld v. DOJ*, 904 F. Supp. 2d 988, 1001 (N.D. Cal. 2014) (quoting *Long*, 932 F.2d at 1314). "The 'customary method' for awarding fees is the loadstar method, which is performed by multiplying the number of hours reasonably expended by the prevailing party in the litigation by a 'reasonable hourly rate.'" *Hiken*, 836 F.3d at 1044 (quoting *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996)).  "If these two figures [rate and hours] are reasonable, then there is a 'strong presumption' that their product, the loadstar figure, represents a reasonable award.'" *Rosenfeld*, 904 F. Supp. at 1001 (quoting *Long*, 932 F.2d at 1314).

Although this litigation has resulted in unprecedented FOIA disclosures by the DOJ and FBI, Plaintiff nevertheless acknowledges that after the Defendants' July, November, and December 2018 productions, the Court granted Defendants' summary judgment motion on March 27, 2019. Dkt. No. 46. Plaintiff therefore does not seek all time spent litigating this matter.

Courts have employed a "general reduction method" allowing only a percentage of fees commensurate with the estimated degree to which a FOIA plaintiff has prevailed. To make this

---

[7] Charlie Savage, "Carter Page FISA Documents Are Released by Justice Department," *The New York Times,* July 21, 2018, available at https://www.nytimes.com/2018/07/21/us/politics/carter-page-fisa.html (emphasis added)

determination, courts have limited fees incurred up to the point at which "the last of the additional documents were released." *Aljuni v. FBI,* 947 F. Supp. 599, 611 (N.D.N.Y. 1996). *See also, McDonnell v. United States,* 970 F. Supp. 576, 589 (D.N.J. 1994). In *Aljuni,* even though the Court granted the FBI's summary judgment motion, it held that plaintiff's time on summary judgment could nevertheless be compensated, but only up until the government's last disclosures. *Id.* All the work done through the government's final production in December 2018 was necessary to litigate the matter. Such work is "not easily segregable from work done on unsuccessful claims." *Rosenfeld,* 904 F.Supp.2d at 1007.

Therefore, Plaintiff seeks compensation for the following: all time from the filing of the lawsuit through the last disclosure on December 4, 2018, discounted by 10%, and then all time spent seeking fees after the filing of the Court's March 27th order. Although Plaintiff was successful in obtaining responsive documents through December 4, 2019, Plaintiff has reduced his fees by an additional 10% to account for the lack of success on work done on summary judgment. Plaintiff seeks *no compensation* for the substantial amount of time spent litigating this matter between December 4, 2018 (date of last disclosure) and March 27, 2019 (date Court granted Defendants' summary judgment motion). In addition, Plaintiff's counsel has also failed to log hours on numerous occasions and has not sought to re-create or claim that time here. (Kaupp Decl., ¶ 20.)

Applying this formula, Plaintiff's loadstar in the amount of $184,331.60, plus the $400 in fees incurred, is reasonable. *See Rosenfeld,* 904 F. Supp. 2d at 1008 ("In this Circuit, plaintiffs may recover attorney's fees for time reasonably expended on a motion for attorney fees and costs.")  With his reply brief Plaintiff will provide a supplemental declaration providing hours spent on the reply.

Plaintiff's counsel managed this case efficiently and economically. Plaintiff's counsel have experience in public records litigation and efficiently divided responsibilities to avoid duplicative efforts.  (Kaupp Dec., ¶ 20); Declaration of Colleen Flynn, ¶ 9 ("Flynn Dec."). Plaintiff's counsel maintained contemporaneous, complete, and standard time records that accurately reflect the

work performed by each attorney. *National Ass'n of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319, 1327 (D.C. Cir. 1982); Kaupp Dec., ¶ 20; Flynn Dec., ¶ 12; Declaration of Beth Feinberg, ¶ 7("Feinberg Dec."). Counsel's contemporaneously recorded time records are attached to their declarations filed herewith.

Furthermore, counsel's hourly rates are well within the range charged by counsel with similar skill, experience and reputation. Plaintiff has submitted a declaration from Carol A. Sobel, fee expert, attesting that the rates requested in this matter are well within the prevailing rates awarded to counsel of similar skill and expertise in the market. *Sobel Dec., ¶15, 27.

Generally, "an attorney's usual billing rate is presumptively the reasonable rate, provided that this rate is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Miller v. Holzmann,* 575 F.Supp.2d 2, 11 (D.D.C. 2008) (internal quotation marks omitted.)

Plaintiff's counsel herein support their hourly rates with their rates in similar cases and recent fees awarded, based on actual evidence of prevailing rates, to attorneys of comparable reputation and experience performing similar work. *See generally Veterans,* 675 F.2d at 1325-28; Kaupp Dec., ¶¶ 15-18; Flynn Dec., ¶ 14; Sobel Dec., ¶ 15-27.

The requested fees are as follows:

| ATTORNEY | YEAR | RATE | HOURS | TOTAL | -10% | LOADSTAR |
|---|---|---|---|---|---|---|
| Gordon Kaupp | 2017 | $675 | 68.3 | $46,102.50 | -$4,610.25 | $ 41,492.25 |
| Gordon Kaupp | 2018 | $715 | 116.1 | $83,011.50 | -$8,301.15 | $ 74,710.35 |
| Gordon Kaupp | 2019 | $730 | 5.3 | $ 3.869.00 | n/a | $  3.869.00 |
| *Gordon Kaupp TOTAL* | -- | -- | -- | -- | -- | *$120.071.60* |
| Colleen Flynn | 2017 | $660 | 18.4 | $12,144.00 | -$1,214.40 | $ 10,929.60 |
| Colleen Flynn | 2018 | $675 | 33.9 | $22,882.50 | -$2,288.25 | $ 20,594.25 |

*Plaintiff's Motion for Attorney Fees*
*Poulsen v. DOD,* No. 17-cv-3531-WHO

| Colleen Flynn | 2019 | $700 | 25.9 | $18,130.00 | n/a | $18,130.00 |
|---|---|---|---|---|---|---|
| ***Colleen Flynn TOTAL*** | -- | -- | -- | -- | -- | ***$49,653.50*** |
| Beth Feinberg | 2018 | $655 | 21 | $13,755.00 | -$1,375.50 | $ 12,379.50 |
| Beth Feinberg | 2019 | $655 | 3.4 | $ 2,227.00 | n/a | $ 2,227.00 |
| ***Beth Feinberg TOTAL*** | -- | -- | -- | -- | -- | ***$14,606.50*** |
| ***LOADSTAR TOTAL*** | | | | | | **$184,331.60** |

Plaintiff is also entitled to an award of costs under 5 U.S.C. § 552(a)(4)(E). Out of pocket expenses an attorney would normally bill a fee-paying client are properly added to reasonable compensation. *Kuzma v. IRS*, 821 F.2d 930, 933 (2nd Cir. 1987). In *Kuzma*, the court recognized that the litigation cost provision of FOIA permits broader recovery than the taxable cost provision of 28 U.S.C. §1920 and permitted recovery of costs related to "photocopying, postage, covers, exhibits, typing, transportation and parking fees." Here, the costs include filing fees of $400. Counsel is not seeking costs for photocopying, service of process, or mailing incurred in this litigation. Kaupp Decl. ¶ 21. As a result, Plaintiff is entitled to recover $400 in costs.

## IV.    CONCLUSION

For the reasons set for above, Mr. Poulsen respectfully requests this Court order Defendants DOJ and FBI to pay in full within 30 days the attorney fees he has incurred in the amount of $184,331.60 including the fees incurred in connection with this motion, and $400 in costs.

Dated: April 26, 2018                                  Respectfully submitted,

                                                       /s/ Colleen Flynn
                                                       COLLEEN FLYNN

                                                       *Attorney for Plaintiff*

*Plaintiff's Motion for Attorney Fees*
*Poulsen v. DOD*, No. 17-cv-3531-WHO